NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3157

CHARLES G. PARKIN,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED: January 14, 2005

_____

Before NEWMAN, LOURIE, and LINN, Circuit Judges.

NEWMAN, Circuit Judge.

Charles G. Parkin petitions for review of the decision of the Merit Systems Protection Board, Docket No. CH0752030580-I-1, dismissing his appeal for lack of jurisdiction. We affirm the decision of the Board.

BACKGROUND

Mr. Parkin was terminated from his position as a Civil Aviation Security Specialist in the Transportation Security Administration effective April 23, 2003. The termination occurred during the second phase of Mr. Parkin's basic training as a Federal Air Marshall when he repeatedly failed to achieve a qualifying score in his Tactics training. He appealed to the agency, arguing that, under the circumstances of his case, his termination was contrary to agency policy as set forth in the agency's Student Guide. In particular, Mr. Parkin argued that he was entitled to a greater amount of remediation and re-evaluation than he received.

When the agency denied his appeal, Mr. Parkin appealed to the Board. In an Initial Decision dated Sept. 26, 2003, the administrative judge found that Mr. Parkin was employed by the agency on Jan. 12, 2003 and was still a probationary employee at the time of his termination. As a probationary employee, Mr. Parkin had no right of appeal on the asserted grounds. The full Board declined review, and this appeal followed.

DISCUSSION

Mr. Parkin does not dispute the Board's premise that it lacks jurisdiction over the termination of Air Marshalls that are still in their probationary period. Instead, he argues that he was hired by the agency a year earlier than shown on his personnel records, and was not in probationary status at the time of his termination. Mr. Parkin argues that this conclusion follows from the unique circumstances of his employment by the agency.

The facts surrounding Mr. Parkin's employment are not in dispute. He was initially offered employment by a written notice dated January 9, 2002, and he timely accepted the offer. He was scheduled to begin training on Jan. 27, 2002, but was unable to begin on

that date because he was on active duty in the armed forces, having been called to active duty at the end of September 2001. He requested and was granted an early release from military duty in order to accept the Air Marshall position; that release was effective on May 24, 2002. After a delay necessitated by a background security investigation, Mr. Parkin signed another offer-and-acceptance form for the Air Marshall position on Dec. 31, 2002 and began training on Jan. 12, 2003. The Form SF-50 documenting his appointment in the Air Marshall program states the effective date of his employment as Jan. 12, 2003.

Mr. Parkin argues that the date on the SF-50 is not dispositive and that all the circumstances of his appointment must be taken into consideration. He points to the two offers of employment that he accepted and the fact that the delay in beginning his training with the agency was incurred through no fault of his own. He argues that his date of employment should be no later than Jan. 13, 2002 B the date he was originally scheduled to report for duty.

In Hintz v. Department of the Army, 21 F.3d 407 (Fed. Cir. 1994), this Court reviewed the factors determining an employee's date of employment:

Congress has provided the following definition of a federal employee:
(a) For the purpose of [Title 5], "employee", except as otherwise provided by this section or when specifically modified, means an officer and an individual who is--
(1) appointed in the civil service by one of the following acting in an official capacity--

. . . . .

(D) an individual who is an employee under this section;

. . . . .

(2) engaged in the performance of a Federal function under authority of law or an Executive act; and
(3) subject to the supervision of an individual named by paragraph (1) of this subsection while engaged in the performance of the duties of his position.

04-3157                                          3

> 5 U.S.C. §2105 (1988).  Hintz must show that he satisfied all three requirements before his service and, it follows, his period of probation may be considered to have commenced.  See <u>Horner v. Acosta</u>, 803 F.2d 687, 691 (Fed. Cir. 1986) ("The elements have independent significance and are strictly applied.").

<u>Id.</u> at 409-410.

The Board applied these factors in determining when Mr. Parkin began his employment with the agency.  The Board found that there was no evidence that Mr. Parkin had performed any service for the agency before January of 2003, and thus could not have met either of the requirements set forth on paragraphs (2) (engaged in the performance of a Federal function) or (3) (subject to the supervision of an individual named by paragraph (1)) quoted above.  Mr. Parkin has not shown error in this determination.

The decision of the Board must be affirmed.