NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARY ANN L. GLOBOKAR,**
*Petitioner*

**v.**

**NATIONAL AERONAUTICS AND SPACE ADMINISTRATION,**
*Respondent*

---

2023-1984

---

Petition for review of the Merit Systems Protection Board in No. CH-0839-16-0596-I-1.

---

Decided:  November 9, 2023

---

MARY ANN LUPICA GLOBOKAR, Strongsville, OH, pro se.

ERIC JOHN SINGLEY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, FRANKLIN E. WHITE, JR.

---

Before TARANTO, CLEVENGER, and STOLL, *Circuit Judges*.

PER CURIAM.

Mary Ann L. Globokar worked at the National Aeronautics and Space Administration (NASA) for over 30 years. Shortly before she retired, she initiated a proceeding before the Merit Systems Protection Board in which she alleged that NASA had erroneously assigned her to the Federal Employees' Retirement System (FERS) instead of the Civil Service Retirement System (CSRS). She asked the Board to take corrective action under the Federal Erroneous Retirement Coverage Corrections Act, 5 U.S.C. § 8331 note. The Board denied her request, finding no error in the initial assignment. Ms. Globokar appeals, arguing only that the Board erred when it denied her request to add evidence to the already-closed record. We affirm the Board's decision.

I

Ms. Globokar worked at NASA as a student-trainee in a cooperative work-study program from September 28, 1981, to December 23, 1982, when she left to pursue her education full-time. SAppx. 2.[1] In a memorandum dated May 9, 1983, several NASA employees recommended that Ms. Globokar be rehired as a student-trainee effective June 20, 1983. SAppx. 2. That was merely a recommendation. We note the 1981-82 employment and the mid-1983 recommendation letter as background; they are not the focus of the specific issue here on appeal.

NASA did eventually offer Ms. Globokar reemployment and she accepted. When it did so, NASA scheduled the employment to begin January 9, 1984, SAppx. 36, and the employment in fact began that day or the previous day.

---

[1] "SAppx." refers to the supplemental appendix filed by the United States in this court with its brief as respondent.

SAppx. 2.  She continued to work for NASA in various roles through at least 2017.  SAppx. 2.

In May 2016, Ms. Globokar contacted NASA human resources, asserting that the agency had erred when, long ago, it had assigned her to FERS instead of CSRS.  SAppx. 3, 16.  Congress established FERS in 1986 as a successor to CSRS, which had been the primary retirement system for federal employees.  *See* Federal Employees' Retirement System Act, Pub. L. No. 99-335, 100 Stat. 514 (codified as amended at 5 U.S.C. §§ 8401–8479).  Both systems remain in effect, but individuals whose initial date of federal employment was on or after January 1, 1984, were automatically placed into FERS unless covered by a statutory exception.  *See* 5 U.S.C. §§ 8401(11), 8402; *see also Fitzgerald v. Department of Homeland Security*, 837 F.3d 1346, 1348 n.1 (Fed. Cir. 2016).  In August 2016, NASA determined that Ms. Globokar had been properly assigned to FERS.  SAppx. 3.

In September 2016, Ms. Globokar filed an appeal with the Board.  SAppx. 3.  On December 8, 2016, after her counsel withdrew from representing her, Ms. Globokar sought, and was granted, one additional week in which to file her opposition to NASA's opening submission.  SAppx. 90–91.  The evidentiary record in the proceeding closed on December 23, 2016.  SAppx. 27–28.

The Board administrative judge to which the matter was assigned issued a decision on January 23, 2017, affirming NASA's determination.  SAppx. 1–14.  The notice to Ms. Globokar noted that the full Board lacked a quorum to act and explained her right to appeal directly to this court.  SAppx. 9–10, 12–13.  Nevertheless, on February 25, 2017, Ms. Globokar petitioned for review by the full Board.

On July 23, 2017, Ms. Globokar filed a motion for leave to submit supplemental evidence, seeking to establish that her relevant employment began before January 1, 1984.  SAppx. 30–35.  Ms. Globokar attached a December 30, 1983

letter sent to her by a NASA personnel director. Besides "confirm[ing Ms. Globokar's] . . . acceptance of a[n] Electronics Systems Mechanic Student Trainee position," the letter states that NASA "ha[s] scheduled [her] employment to begin on January 9, 1984 at 8 a.m." SAppx. 36. Ms. Globokar argued to the Board that the letter provided evidence that she was rehired before January 1, 1984, which she argued is the "effective date" for purposes of applying the FERS provision at issue. SAppx. 33–35.

The next day, the Board, through its Clerk, notified Ms. Globokar of regulatory requirements she had to meet to justify her request. SAppx. 79 (citing 5 C.F.R. § 1201.114). Specifically, the Board pointed to requirements that she (1) describe the nature and need for the additional "pleading," 5 C.F.R. § 1201.114(a), and (2) show that the evidence was not readily available before the record closed, 5 C.F.R. § 1201.114(k). SAppx. 79. The Board struck the filings but stated that Ms. Globokar could resubmit her request with the required explanations. SAppx. 79–80.

Ms. Globokar resubmitted her request the same day, arguing that the supplemental evidence should be accepted because her previous counsel was not diligent in researching her claim and had abruptly withdrawn from her case. SAppx. 83–85. Ms. Globokar alleged that, following her former counsel's withdrawal, the burden had fallen on her to conduct research related to her claims. SAppx. 84–85. She asserted that she had "recently found an additional document, which supports her claim for retirement reclassification," and argued that the evidence "was not readily available . . . until [she] researched and examined [the matter] . . . herself, when she had formerly relied on legal counsel, to her detriment." SAppx. 85. In the revised filing, Ms. Globokar removed her earlier explanation of why the letter supported her case on the merits, instead asserting simply that the letter was "compelling evidence to prove her claim for being enrolled in CSRS." SAppx. 85.

The Board confirmed receipt of the submission on July 25, 2017. SAppx. 87.

The Board issued its final decision on April 7, 2023. SAppx. 15–26. In that decision, the Board denied the motion filed July 24, 2017, deeming insufficient the justification offered for the late offering of evidence. SAppx. 18 n.5. And the Board rejected Ms. Globokar's request for corrective action concerning her FERS assignment on the merits. SAppx. 18–21.

Ms. Globokar timely filed her appeal on June 1, 2023, as permitted by 5 U.S.C. § 7703(b)(1)(A). We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## II

We will affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). In the present appeal, Ms. Globokar challenges only the Board's decision to deny her the opportunity to supplement the record with additional evidence. "Procedural matters regarding discovery and evidentiary issues 'fall within the sound discretion of the [B]oard and its officials.'" *Rueter v. Department of Commerce*, 63 F.4th 1357, 1371 (Fed. Cir. 2023) (quoting *Curtin v. Office of Personnel Management*, 846 F.2d 1373, 1378 (Fed. Cir. 1988)). We "will not overturn the [B]oard on such matters unless an abuse of discretion is clear and is harmful." *Id.* at 1364 (quoting *Curtin*, 846 F.2d at 1378). In particular, any error justifying relief must be such that it "could have affected the outcome of the case." *Id.* at 1371 (quoting *Curtin*, 846 F.2d at 1379); *see also* 5 U.S.C. § 7701(c)(2)(A).

Even if we view Ms. Globokar's appeal as challenging the denial of the initial request as well as the denial of the re-filed request, we see no basis for setting aside the

Board's decision. The initial ruling by the Board reasonably relied on the Board's regulations governing additional pleadings, 5 C.F.R. § 1201.114(a)(5), and submission of new evidence after closure of the evidentiary record, 5 C.F.R. § 1201.114(k), to reject the initial filings while giving Ms. Globokar a full opportunity to provide needed justifications for what she sought, namely, acceptance of the December 30, 1983 letter as evidence. Nothing in that ruling foreclosed Ms. Globokar from presenting all her arguments for acceptance of the letter under the familiar standards governing evidentiary submissions after the evidentiary record has closed.

We also will not disturb the Board's denial of the refiled motion. The Board determined that there was an insufficient explanation provided of the "nature of and need for" the December 30, 1983 letter, as required by 5 C.F.R. § 1201.114(a)(5). SAppx. 18 n.5. We need not and do not decide if that conclusion was a clear error. It is enough to conclude that Ms. Globokar has not met the requirement of showing prejudice from any such error. Specifically, we conclude, even if the Board had considered the additional document offered by Ms. Globokar, such consideration could not have changed the Board's conclusion about the merits of her claim of improper assignment to FERS.

Under the Federal Employees' Retirement System Act, federal employees are covered by FERS unless a specific statutory exclusion applies. 5 U.S.C. § 8402; *see also* 5 U.S.C. § 8331 note; *Conner v. Office of Personnel Management*, 104 F.3d 1344, 1346 (Fed. Cir. 1997); *King v. Merit Systems Protection Board*, 105 F.3d 635, 636 (Fed. Cir. 1997). Two exclusions can be relevant for individuals who, like Ms. Globokar, return to federal employment after a break in service. But neither applies to Ms. Globokar. First, "any employee having at least 5 years of civilian service performed before January 1, 1987, creditable under [CSRS]" is excluded from automatic FERS coverage. 5 U.S.C. § 8402(b)(2). The Board correctly noted that—even

if Ms. Globokar had begun her employment on the earliest date that she alleges she was effectively hired—she would still have lacked the requisite five years of creditable service.  SAppx. 19 n.6.  Ms. Globokar does not dispute that finding.  Second, 5 U.S.C. § 8402(b)(1) excludes enumerated categories of federal officials.  The Board concluded that Ms. Globokar does not fall into this additional statutory exclusion, and Ms. Globokar does not challenge that determination here.

Ms. Globokar instead points to language from the Federal Employees' Retirement Contribution Temporary Adjustment Act of 1983, Pub. L. No. 98-168, 97 Stat. 1106 (codified at 5 U.S.C. § 8331 note).  She highlights a provision stating that employees "who are first employed in civilian service by the Government or first take office in civilian service in the Government on or after January 1, 1984, become subject to [FERS]." § 202(6), 97 Stat. at 1106.  She suggests that the provision should be understood to exempt persons who were employed before January 1, 1984, from FERS.  But even if we assume (without deciding) the exemption premise, we conclude that the provision cannot help Ms. Globokar because she was not such a person.

Mere acceptance of an offer of employment to begin later does not constitute being "employed" in the position.  Even as a general matter, employment begins only on the actual entry-upon-service date.  *See* 5 U.S.C. § 2105 (defining a federal employee); *Parkin v. Merit Systems Protection Board*, 120 F. App'x 349, 350–51 (Fed. Cir. 2005) (rejecting petitioner's argument that his date of employment in the federal service should be the date he was originally scheduled to report for duty).  And here, the December 30, 1983 letter itself stated that Ms. Globokar's employment was "to begin on January 9, 1984." SAppx. 36.  The December 30, 1983 letter thus no more made her an employee as of that letter's date than the May 1983 NASA-staff recommendation made her an employee as of its date.

GLOBOKAR v. NASA

Accordingly, Ms. Globokar has not shown that the exclusion of the additional document was prejudicial or could have changed the Board's decision on the merits of the case.

## III

For the foregoing reasons, the decision of the Merit Systems Protection Board is affirmed.

The parties shall bear their own costs.

**AFFIRMED**